Thomas K. Hockel (SBN 172367)
KELLY HERLIHY & KLEIN, LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
thockel@kelher.com

Attorneys for Defendants HARTFORD LIFE AND
ACCIDENT INSURANCE COMPANY (the successor to
HARTFORD GROUP INSURANCE COMPANY,
erroneously named herein)
and ALSIDE INC. EMPLOYEE
BENFIT PLAN

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY HATFIELD,<br><br>            Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE GROUP INSURANCE COMPANY, ALSIDE, INC. EMPLOYEE BENFIT PLAN; and ASSOCIATED MATERIALS INCORPORATED dba ALSIDE INC,<br><br>            Defendants. | Case No.: C 07-03682 HRL<br><br>**ANSWER OF DEFENDANTS HARTFORD AND ALSIDE, INC. EMPLOYEE BENEFIT PLAN TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

ANSWER OF DEFENDANTS HARTFORD AND ALSIDE, INC. EMPLOYEE BENEFIT PLAN COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No.: C-07-03682 HRL

COME NOW defendants HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (the successor to HARTFORD LIFE GROUP INSURANCE COMPANY, erroneously sued herein) ("Hartford") and ALSIDE, INC. EMPLOYEE BENEFIT PLAN ("the Plan") (collectively "Defendants"), and for themselves alone, answer the allegations set forth in the Complaint ("the Complaint") filed in the above matter by plaintiff GARY HATFIELD ("Plaintiff"), as follows:

1.  Answering paragraph 1 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the allegations in that paragraph; and, on that basis, they deny the allegations set forth in paragraph 1.

2.  Answering paragraph 2 of the Complaint, Defendants deny the allegations set forth in paragraph 2 of the complaint, inasmuch as Hartford Life Group Insurance Company merged with and into Hartford Life and Accident Insurance Company and, by virtue of the merger, no longer exists and Hartford Life and Accident Insurance Company is the successor to Hartford Life Group Insurance Company.

3.  Answering paragraph 3 of the Complaint, Defendants admit the allegations set forth in that paragraph.

4.  Answering paragraph 4 of the Complaint, Defendants admit the allegations set forth in the Complaint.

5.  Answering paragraph 5 of the Complaint Defendants admit the allegations set forth in that paragraph.

6.  Answering paragraph 6 of the Complaint, Defendants admit the allegations set forth in that paragraph.

7.  Answering paragraph 7 of the Complaint, Defendants admit the allegations set forth in that paragraph.

8.  Answering paragraph 8 of the Complaint, Defendants admit that, at the time relevant to the claim at issue in the case, Plaintiff was a beneficiary under the Benefit Plan. Except as admitted, Defendants state that they lack sufficient knowledge or information to form

a belief as to the remaining allegations in paragraph 8 and, on that basis, they deny the remaining allegations.

9. Answering paragraph 9 of the Complaint, Defendants admit the allegations set forth in that paragraph.

10. Answering paragraph 10 of the Complaint, Defendants state that they lack sufficient knowledge or information to form a belief as to the allegations in that paragraph; and, on that basis, they deny the allegations set forth in that paragraph.

11. Answering paragraph 11 of the Complaint, Defendants state that they lack sufficient knowledge or information to form a belief as to the allegations in that paragraph; and, on that basis, they deny the allegations set forth in that paragraph.

12. Answering paragraph 12 of the Complaint, Defendants admit the allegations in that paragraph.

13. Answering paragraph 13 of the Complaint, Defendants state that they lack sufficient knowledge or information to form a belief as to the allegations in that paragraph; and, on that basis, they deny the allegations set forth in that paragraph.

14. Answering paragraph 14 of the Complaint, Defendants admit the allegations in that paragraph on information and belief.

15. Answering paragraph 15 of the Complaint, Defendants admit the allegations in that paragraph on information and belief.

16. Answering paragraph 16 of the Complaint, Defendants admit, on information and belief, that Diana Hatfield ("Mrs. Hatfield") took a non-prescription sleep aid prior to receiving the injections of Dilaudid and Vistaril earlier on or about May 5, 2004. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 16.

17. Answering paragraph 17 of the Complaint, Defendants admit, on information and belief, that toxicology tests conducted after Mrs. Hatfield's death revealed the presence of a non-prescription sleep aid, as well as the Dilaudid and Vistaril from the injections; that all three substances were found in concentrations that were in excess of normal therapeutic levels; and

-2-
ANSWER OF DEFENDANTS HARTFORD AND ALSIDE, INC. EMPLOYEE BENEFIT PLAN COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No.: C 07-03682 HRL

that the Vistaril was into the toxic range for that medication. Except as expressly admitted, Defendants deny the remaining allegations set forth in paragraph 17.

18. Defendants admit the allegations in paragraph 18 of the Complaint.

19. Defendants admit the allegations in paragraph 19 of the Complaint.

20. Answering paragraph 20 of the Complaint, Defendants admit that Hartford denied Plaintiff's claim for accidental death benefits for the death of his wife, Mrs. Hatfield, for the reasons set forth in the denial letter, including that Mrs. Hatfield's death came within an exclusion for injury sustained while the Covered Person is under the influence of drugs, unless taken as prescribed by a Doctor. Except as expressly admitted, Defendants deny the remaining allegations set forth in paragraph 20.

21. Answering paragraph 21 of the Complaint, Defendants admit that the Hartford contends the 1963 policy was replaced; that the policy in effect as of June 1, 2003, has the same policy number as the 1963 policy; that the 1963 policy had fewer exclusions than the 2003 policy; that the 2003 policy has an exclusion for injuries sustained while the Covered Person is under the influence of drugs, unless taken as prescribed by a Doctor, which exclusion was not in the 1963 policy; and that the 2003 policy states that the Plan Administrator has delegated sole discretionary authority to CNA Group Life Assurance Company, which has been replaced by Hartford. Except as expressly admitted, Defendants deny the allegations set forth in paragraph 21.

22. Answering paragraph 22 of the Complaint, Defendants state that they lack sufficient knowledge or information as to what Plaintiff means by the allegations in this paragraph to enable Defendants to form a belief as to them; and, on that basis, Defendants deny the allegations set forth in that paragraph.

23. Answering paragraph 23 of the Complaint, Defendants state that they lack sufficient knowledge or information as to what Plaintiff means by the allegations in this paragraph to enable Defendants to form a belief as to them; and, on that basis, Defendants deny the allegations set forth in that paragraph.

-3-
ANSWER OF DEFENDANTS HARTFORD AND ALSIDE, INC. EMPLOYEE BENEFIT PLAN COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No.: C 07-03682 HRL

24. Answering paragraph 24 of the Complaint, Defendants state that the paragraph consists of legal opinion and conclusion, not factual allegations; and, therefore Defendants state that they lack sufficient knowledge or information as to the statements in this paragraph to enable Defendants to form a belief as to them; and, on that basis, Defendants deny the allegations set forth in that paragraph.

25. Answering paragraph 25 of the Complaint, Defendants deny the allegations set forth in that paragraph.

26. Answering paragraph 26 of the Complaint, Defendants admit that Plaintiff appealed the denial of the claim and that Defendants received a letter from Plaintiff's employer, Alside, Inc., which speaks for itself and which claimed that Alside had no record of a new policy, that the exclusion was not in the policy in the employer's possession, and that, even if the exclusion was in the policy it was inapplicable for reasons explained by Plaintiff. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27. Answering paragraph 27 of the Complaint, Defendants admit the allegations set forth in that paragraph.

28. Answering paragraph 28 of the Complaint, Defendants admit that Hartford's denial of Plaintiff's appeal, which speaks for itself, affirmed *inter alia* that the policy excluded coverage for injuries sustained while the Covered Person is under the influence of drugs, unless taken as prescribed by a Doctor. Except as expressly admitted, Defendants deny the allegations set forth in paragraph 28.

29. Answering paragraph 29 of the Complaint, Defendants admit the allegations set forth in that paragraph.

30. Answering paragraph 30 of the Complaint, Defendants admit that Hartford is the insurer under policy no. 816143; that decisions regarding payment of benefits under the policy and responses to appeals of denials of benefits are made by Hartford; and that Hartford is identified as the Plan Administrator under the policy. Except as expressly admitted, Defendants deny the allegations set forth in paragraph 30.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.
33. Defendants deny the allegations set forth in paragraph 33 of the Complaint.
34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.
35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.
36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.
37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

As a first, separate and affirmative defense to Plaintiff's complaint, Defendants allege that neither the complaint nor any claim for relief therein state facts sufficient to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

(Plaintiff Not Entitled To Further Benefits)

As a second, separate and affirmative defense to Plaintiff's complaint, Defendants allege that Plaintiff is not entitled to benefits or any other compensation from Defendants.

### THIRD AFFIRMATIVE DEFENSE

(Plaintiff Failed To Satisfy All Conditions Precedent)

As a third, separate and affirmative defense to Plaintiff's complaint, Defendants alleges that Plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

### FOURTH AFFIRMATIVE DEFENSE

(Doctrine of Waiver and Laches)

As a fourth, separate and affirmative defense to Plaintiff's complaint, Defendants allege that Plaintiff, by virtue of the legal doctrine of waiver and laches, is estopped from pursing some or all of the causes of actions alleged against Defendants.

### FIFTH AFFIRMATIVE DEFENSE

(Exclusion Under Policy)

-5-

ANSWER OF DEFENDANTS HARTFORD AND ALSIDE, INC. EMPLOYEE BENEFIT PLAN COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No.: C 07-03682 HRL

As a fifth affirmative defense to Plaintiff's complaint, Defendants allege that Plaintiff is not entitled to benefits under the policy due to an exclusion from coverage.

### SIXTH AFFIRMATIVE DEFENSE

(No Abuse of Discretion)

As a sixth affirmative defense to Plaintiff's complaint, Defendants allege that the decision to deny the claim was not an abuse of discretion.

WHEREFORE, Defendants pray for judgment in their favor as follows:

1. That Plaintiff take nothing by reason of his Complaint on file herein;
2. That Defendants be awarded their costs and expenses incurred in this action;
3. That Defendants be awarded their attorneys' fees incurred in this action; and
4. That Defendants recover such other and further relief as the Court may deem just and proper.

Dated: October 10, 2007       KELLY, HERLIHY & KLEIN LLP


By  /s/ Thomas K. Hockel
    Thomas K. Hockel
    Attorneys for Defendants HARTFORD
    LIFE AND ACCIDENT INSURANCE
    COMPANY (the successor to HARTFORD
    GROUP INSURANCE COMPANY,
    erroneously named herein) and ALSIDE
    INC. EMPLOYEE BENFIT PLAN