1  C. Mark Humbert (Cal. SBN 111093))
   GREEN & HUMBERT
2  220 Montgomery Street, Suite 438
   San Francisco, California  94104
3  Telephone:  (415) 837-5433
   Facsimile:   (415) 837-0127
4
   Attorneys for Defendant
5  ASSOCIATED MATERIALS INC.
   dba ALSIDE, INC.
6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| GARY HATFIELD, | Case No. C 07 03682 HRL  ADR |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| HARTFORD LIFE INSURANCE COMPANY; ALSIDE, INC. EMPLOYEE BENEFIT PLAN; ASSOCIATED MATERIALS INCORPORATED dba ALSIDE, INC.; | |
| Defendants. | |

Defendant Associated Materials Incorporated dba Alside, Inc. ("AMI"), answering for itself and for no other defendant, hereby answers Plaintiff's First Amended Complaint as follows:

**ANSWER TO BODY OF COMPLAINT**

1.   Answering paragraph 1, Defendant admits, on the basis of information and belief, that Plaintiff Gary Hatfield ("Plaintiff") is a resident of the County of San Mateo, State of California, within this federal judicial district.

2.   Answering paragraph 2, Defendant admits, on the basis of information and belief, the allegations thereof.

3. Answering paragraph 3, Defendant AMI denies that the alleged benefit plan is an employee benefit plan established pursuant to ERISA, 29 USC Section 1001, *et seq.* Instead, Defendant is informed and believes, and thereupon alleges, that the insurance policy issued by defendant Hartford Life Insurance Company ("Hartford"), and/or its predecessor(s) in interest, does not constitute an ERISA welfare benefit plan but instead is excluded as such a plan by the "safe harbor" set forth in 29 C.F.R. Section 2510.3-1(j). In this respect, no contributions are made by AMI, as employer, toward policy premiums; participation by employees or other members in the insurance coverage is completely voluntary; the sole function of AMI with respect to the coverage is, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions and remit them to Hartford, and AMI receives no consideration at all in the form of cash or otherwise in connection with the program.

4. Answering paragraph 4, Defendant AMI denies that it is the "plan sponsor", as that term is defined under ERISA, of the alleged employee benefit plan, which it denies, for the above-stated reasons, is an employee welfare benefit plan subject to ERISA.

5. Answering paragraph 5, Defendant AMI denies that the Hartford coverage is an ERISA employee welfare benefit plan, but admits that the coverage provides insurance benefits to insureds in this federal judicial district.

6. Answering paragraph 6, Defendant AMI admits that, if there is otherwise federal question or diversity subject matter jurisdiction, venue is appropriate in this federal judicial district.

7. Answering paragraph 7, Defendant AMI denies that this court has original jurisdiction under 29 U.S.C. section 1132(e) as an action brought pursuant to 29 U.S. C. section 1132(a)(1)(B). Defendant does admit, however, on the basis of information and belief (viz., that Plaintiff is a citizen of the State of California, Defendant Hartford is a citizen of the State of Connecticut, and Defendant AMI is a citizen of the State of Ohio), that jurisdiction before this court is or would be appropriate, based upon complete diversity

of citizenship as between Plaintiff and the listed proper defendants, pursuant to 28 U.S.C. section 1332.

8. Answering paragraph 8, Defendant AMI admits that Plaintiff is employed by it, but denies, for the reasons set forth above, that Plaintiff is a beneficiary of an ERISA-regulated employee welfare benefit plan.

9. Answering paragraph 9, Defendant AMI admits the material allegations of this paragraph.

10. Answering paragraph 10, Defendant AMI denies the material allegations of this paragraph.

11. Answering paragraph 11, Defendant AMI denies the material allegations of this paragraph.

12. Answering paragraph 12, Defendant admits that Plaintiff subscribed to coverage under the defined "Initial Policy", that Plaintiff obtained coverage in the specified amounts for himself and his wife, and that Plaintiff was named as beneficiary under his wife's coverage. Defendant denies, however, for the reasons set forth above, that an ERISA-regulated welfare benefit plan existed.

13. Answering paragraph 13, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

14. Answering paragraph 14, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

15. Answering paragraph 15, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

16. Answering paragraph 16, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

17. Answering paragraph 17, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

18. Answering paragraph 18, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

19. Answering paragraph 19, Defendant admits, on information and belief, that a claim for insurance benefits under the referenced policy was submitted by Plaintiff, but denies, for the reasons set forth above, that an ERISA-regulated welfare benefit plan exists in connection with the insurance coverage.

20. Answering paragraph 20, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

21. Answering paragraph 21, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

22. Answering paragraph 22, Defendant denies the material allegations therein.

23. Answering paragraph 23, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

24. Answering paragraph 24, Defendant denies the material allegations therein.

25. Answering paragraph 25, Defendant denies, with respect to itself only, the allegations therein. Defendant admits, with respect to the allegations against Defendant Hartford, that Hartford failed to provide any sufficient notice, or notice at all, to Defendant AMI, that policy terms had allegedly been changed. Defendant also denies that it failed in any respect to properly exercise any fiduciary duty in connection with the sued-upon coverage.

26. Answering paragraph 26, Defendant admits the material allegations therein.

27. Answering paragraph 27, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

28. Answering paragraph 28, Defendant admits, exclusively on the basis of information and belief, that the allegations therein are true.

29. Answering paragraph 29, Defendant denies that the doctrine of administrative exhaustion under ERISA applies, because, as set forth above, Defendant does not believe that the sued-upon coverage constitutes an ERISA welfare benefit plan.

//

//

30. Answering paragraph 30, Defendant admits that policy benefits are to exclusively be paid by Defendant Hartford, but denies that an ERISA welfare benefit plan exists, for the reasons set forth above.

31. Answering paragraph 31, Defendant alleges that this paragraph is not alleged as against it, so it need neither admit nor deny it.

32. Answering paragraph 32, Defendant alleges that this paragraph is not alleged as against it, so it need neither admit nor deny it.

33. Answering paragraph 32, Defendant alleges that this paragraph is not alleged as against it, so it need neither admit nor deny it.

34. Answering paragraph 33, Defendant denies, for reasons set forth above, that an ERISA-regulated employee welfare benefit plan existed on the instant facts, and hence must deny the ERISA-based analysis contained in this paragraph. Defendant does admit the following specifics: that Defendant AMI was never apprised of the terms of the "Subsequent Policy" as defined in the complaint, and that it never adopted the terms of that policy. Save those admissions, Defendant AMI denies the remaining material allegations of this paragraph.

35. Answering paragraph 35, Defendant AMI denies that it contributed in any way to any deprivation of policy benefits to Plaintiff, and denies that it is liable otherwise to Plaintiff in any way or amount whatsoever in connection with the facts alleged.

36. Answering paragraph 36, Defendant denies that Plaintiff's claim is an employee benefit claim under ERISA, for the reasons set forth above.

37. Answering paragraph 37, Defendant denies the material allegations therein.

**ANSWER TO PRAYER FOR RELIEF**

38. Answering Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief sought, or relief in any amount, or at all, as against Defendant AMI.

//
//
//

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

39. Plaintiff's Complaint and each purported claim for relief contained therein fail to set forth facts upon which relief may be granted against Defendant AMI.

### SECOND AFFIRMATIVE DEFENSE

40. Plaintiff's Complaint, and every cause of action alleged therein, are not governed by the Employee Retirement Income Security Act of 1974 ("ERISA"); therefore, Plaintiff is not entitled to any remedy provided under ERISA.

### THIRD AFFIRMATIVE DEFENSE

41. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendant AMI, but rather was caused by circumstances, persons, and/or entities for which and/or for whom Defendant is not and may not be held responsible, including Defendant Hartford, and for which Defendant AMI cannot be held liable.

### FOURTH AFFIRMATIVE DEFENSE

42. Each and every action or statement made by Defendant AMI was a good faith assertion of Defendant's rights and, therefore, was privileged and justified.

### FIFTH AFFIRMATIVE DEFENSE

43. Defendant is informed and believes, and based thereon alleges, that if Plaintiff sustained any injury, damage, or loss, by reason of any act, error or omission of Defendant AMI, (which Defendant denies), said injury, damage, or loss, if any, must be reduced on the basis of the comparative negligence of Plaintiff which contributed to and proximately caused any such injury, damage, or loss, incurred by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

44. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendant, but rather was caused by the actions of third parties for whom Defendant may not be held responsible and/or liable.

//

**SEVENTH AFFIRMATIVE DEFENSE**

45. Plaintiff's claims against Defendant AMI are barred by the applicable statutes of limitation.

**EIGHTH AFFIRMATIVE DEFENSE**

48. To the extent ERISA may be applicable to this matter, which Defendant AMI denies, Defendant AMI alleges that in no respect did it violate any provisions of ERISA or any regulations promulgated thereunder with respect to the sued-upon coverage.

**NINTH AFFIRMATIVE DEFENSE**

47. Defendant reserves the right to amend its Answer to Plaintiff's First-Amended Complaint, including the right to include additional affirmative defenses.

WHEREFORE, Defendant AMI prays for the following relief:

1. That Plaintiff's First Amended Complaint as against Defendant AMI be dismissed with prejudice, and that Plaintiff take nothing thereby from AMI;

2. That judgment be entered in favor of Defendant AMI and against Plaintiff;

3. That Defendant AMI be awarded its costs of suit and attorney's fees; and

4. For such other and further relief as the Court may deem just and proper.

DATE: October 16, 2007               GREEN & HUMBERT

By: **/s/ C. Mark Humbert**
C. MARK HUMBERT
Attorneys for Defendant
ASSOCIATED MATERIALS
INCORPORATED dba ALSIDE, INC.